JUDGE DAVID BRIONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED

2018 JAN 18 PM 2: 16

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

ELIZABETH GRANADO,                    )
                                      )
            Plaintiff,                )
                                      )
v.                                    )      Civil Action No. _____
                                      )
WAL-MART STORES TEXAS, LLC d/b/a )
WAL-MART STORE #5962                  )
                                      )      **EP18CV0020**
            Defendant.                )

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

1.    This Notice of Removal is filed under 28 U.S.C. § 1441 based on diversity of citizenship.

## I. BACKGROUND

2.    Plaintiff's Original Petition ("Petition") was filed in state court and assigned to the 448TH

District Court, El Paso County, Texas, under Cause Number 2017DCV4298.[1]

3.    Plaintiff asserts state law claims for premises liability and negligence.

4.    Written notice of removal has been given to Plaintiff and the state court clerk.

5.    Plaintiff's Original Petition was served on December 22, 2017,[2] thus removal is timely

under 28 U.S.C. § 1446(b).

6.    The El Paso Division of the Western District of Texas embraces the place where the state

court case was pending, thus venue is proper under 28 U.S.C. §§ 1441(a) and 124(d)(3).

7.    Defendant answered in state court[3] and reserves the right to plead further as permitted.

---

[1] See Exh. A, Plaintiff's Original Petition, P. 1.

[2] See Exh. B, copy of Service of Process Transmittal.

[3] See Exh. A, Defendant's Original Answer.

8.    All documents served in state court to Defendant are attached as Exhibit A.

## II. BASIS FOR REMOVAL

9.    This case is being removed based on diversity of citizenship under 28 U.S.C. § 1441(b).

### A. Diversity of Citizenship

10.    Plaintiff is a Texas citizen.[4] Defendant is not a Texas citizen.[5] Thus, the parties are completely diverse.

### B. Amount in Controversy

11.    Plaintiff is seeking monetary relief "in the amount more than $1,000,000"[6] which exceeds the minimum amount in controversy required by 28 U.S.C. § 1332(a). Additionally, Plaintiff alleges that she was caused to suffer and seeks damages for lost wages and loss of wage earning capacity, for past and future medical expenses; past and future pain and suffering; past and future mental anguish; and past and future impairment to her body.[7]

11.    Therefore, the amount in controversy threshold is met.

## III. JURY DEMAND

14.    Defendant demanded and paid for a jury trial in state court and hereby request a jury trial in this Court.

15.    Defendant reserves the right to plead further as permitted after removal.

---

[4] See Exh. A, Original Petition, ¶ II.

[5] See Exh. A, Original Petition, ¶ III (identifying Defendant as "a foreign for profit corporation"). See also Exh. C, Affidavit of Geoffrey W. Edwards, ¶ 3 (stating that Wal-Mart Stores Texas, LLC is a limited liability company which was formed in Delaware and which has its principal place of business in Arkansas). See also Lindsey v. Walmart, No. 3:10-CV-1587-L, 7 (N.D. Tex. Nov. 30, 2010) (holding that "[n]one of the Wal-Mart [e]ntities [sued] [which included Wal-Mart Stores Texas, LLC] is a citizen of the State of Texas").

[6] Exh. A, Original Petition, ¶ VI.

[7] Exh. A, Original Petition, ¶¶ VI.

## IV. **PRAYER**

16.    WHEREFORE, Defendant WAL-MART STORES TEXAS, LLC asks that this case be placed on the Court's docket. Defendant further requests any other relief to which it may be justly entitled at law or in equity.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN, P.C.**
P. O. Drawer 1977
El Paso, Texas  79999-1977
Phone:   (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By:    _____
       Laura Enriquez
       State Bar No. 00795790

       Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

In compliance with the Federal Rules of Civil Procedure, I certify that on this 18 day of January 2018, a true and correct copy of the foregoing document was served on the following attorney of record as follows:

|  |  |
|---|---|
| Daniela Labinoti | **Served via:** |
| Law Firm of Daniela Labinoti PC | |
| 707 Myrtle Avenue | _____ Facsimile |
| El Paso, Texas 79901 | __✓__ Certified Mail, RRR |
| (915) 581-4605 fax | _____ Hand Delivery |
| daniela@labinotilaw.com | |

_____
Laura Enriquez

 CT Corporation

**Service of Process Transmittal**
12/22/2017
CT Log Number 532516739

TO: Kim Lundy Service of Process, Legal Support Supervisor
Walmart Inc.
702 SW 8th St, MS#0215
Bentonville, AR 72716-6209

RE: **Process Served in Texas**

FOR: Wal-Mart Stores Texas, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Granado Elizabeth, Pltf. vs. Wal-Mart Stores Texas, LLC, etc., Dft. |
| **DOCUMENT(S) SERVED:** | Notice, Return, Petition |
| **COURT/AGENCY:** | 448th Judicial District Court El Paso County, TX<br>Case # 2017DCV4298 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 07/01/2016 - Wal-Mart #5962 - 4716 Hondo Pass Dr., El Paso, Texas 79904 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/22/2017 postmarked on 12/19/2017 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Daniela Labinoti<br>Law Firm of Daniela Labinoti, P.C.<br>707 Myrtle Ave<br>El Paso, TX 79901<br>915-581-4600 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/23/2017, Expected Purge Date: 12/28/2017<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Page 1 of  1 / MC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



U.S. POSTAGE
PAID
EL PASO, TX
DEC 29 17
AMOUNT
**$7.50**
R2304N118057-14

75201

1000

7017 1070 0000 2446 5088

CERTIFIED MAIL

CT Corporation System
Wal-mart Stores Texas LLC DBA Walmart #5962
1999 Bryan Street Ste. 900
Dallas, Texas 75201

RETURN
RECEIPT
REQUESTED

FIRST CLASS

Kathryn Aziz
1409 Murchison Dr
El Paso, TX 79902-2823

12/18

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **WAL-MART STORES TEXAS, LLC d/b/a WAL-MART STORE #5962**, which may be served with process by serving its registered agent, **CT CORPORATION SYSTEM at, 1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition and Jury Demand at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **448th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 11th day of December, 2017, by Attorney at Law DANIELA LABINOTI. 707 MYRTLE AVENUE, EL PASO, TX 79901 in this case numbered **2017DCV4298** on the docket of said court, and styled:

**ELIZABETH GRANADO**
**VS**
**WAL-MART STORES TEXAS, LLC d/b/a WAL-MART STORE #5962**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Petition and Jury Demand accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 13th day of December, 2017.

Attest:  NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

By _____ Deputy
JoAnn Fernandez

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _____ day of _____, 2017, at _____ I mailed to

_____

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Petition and Jury Demand attached thereto.

_____

_____
TITLE

*NAME OF PREPARER _____ TITLE _____

ADDRESS _____

CITY _____ STATE _____ ZIP _____

## RETURN OF SERVICE

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

      This forwarding address was provided: _____


El Paso County, Texas

By: _____
           Deputy District Clerk

OR

_____
      Name of Authorized Person

By:_____


## VERIFICATION BY AUTHORIZED PERSON

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."

Subscribed and sworn to be on this _____ day

of _____, _____.


_____

Notary Public, State of _____

My commission expires:_____

El Paso County - 448th District Court

Filed 12/11/2017 4:46 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV4298

IN THE _____ JUDICIAL DISTRICT COURT
COUNTY COURT AT LAW NUMBER_____
OF EL PASO COUNTY, TEXAS

ELIZABETH GRANADO,                          §
                                            §
            Plaintiff,                      §
                                            §
v.                                          §
                                            §   CAUSE NO.:_____
                                            §
WAL-MART STORES TEXAS, LLC d/b/a            §
WAL-MART STORE #5962                        §
                                            §
            Defendant.                      §

## PLAINTIFF'S PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ELIZABETH GRANADO (hereinafter called "Plaintiff"), complaining of WAL-MART STORES TEXAS, L.L.C. d/b/a WAL-MART STORE #5962 (hereinafter referred to as "Defendant"), and for a cause of action would respectfully show the Court as follows:

### I.

Pursuant to Rule 190, discovery in this case will be conducted in Level 3.

### II.
### PARTIES

Plaintiff is a resident of El Paso County, Texas.

Defendant WAL-MART STORES TEXAS, L.L.C. d/b/a WALMART STORE #5962 is a foreign for profit corporation doing business in Texas, and specifically in El Paso County, Texas. It may be served with citation and a copy of this Original Complaint by serving its registered agent, CT CORPORATION SYSTEM, 1999 Bryan Street, Suite 900, Dallas, Texas

1

75201 and/or wherever its registered agent may be found.

At all relevant times, Defendant WAL-MART STORES TEXAS, LLC d/b/a WAL-MART STORE #5962 has done business at 4716 Hondo Pass Dr., El Paso, Texas 79904 under the common name, assumed name and/or business name of WAL-MART and/or WAL-MART NEIGHBORHOOD MARKET.

## III.
## FACTUAL BACKGROUND

The injuries and damages suffered by Plaintiff and made the basis of this action arose out of an incident which occurred on or about July 1, 2016, in El Paso County, Texas, specifically at Wal-Mart #5962, 4716 Hondo Pass Dr., El Paso, Texas 79904. This retail store is owned, run and operated by Defendant. As such, Plaintiff invokes the doctrine of *respondeat superior* and/or vicarious liability. At the time in question, Plaintiff was an invitee at the subject retail store.

On or about July 1, 2016, Plaintiff was an invitee at the retail store in question. Plaintiff entered the store with the cart and stopped for her companion as he was getting items in the display area by the door. Plaintiff was standing still holding her cart when suddenly and unexpectedly she was struck by 3 cases of water, each case containing 24 bottles of water, which were stacked extremely high and fell on Plaintiff's neck, back, shoulder.

The cases of water were stacked by Defendant's employees and agents so Defendant created the dangerous condition by stacking water bottles extremely high and in an unsafe manner with reckless disregard of the safety of the customers including the Plaintiff.

Stacking any merchandise available for purchase, especially a heavy product such as bottled water, in a manner that was higher than the door and so also higher than customers'

2

heads is inherently dangerous.

Plaintiff never actually touched the water display, but as she was near the display waiting for her companion to select merchandise, when the cases of water suddenly and unexpectedly fell, striking her on the head, neck and back.

Plaintiff received injuries to her head, neck, back and other parts of her body. At the time, Plaintiff was an invitee to whom Defendant owed a duty to use reasonable care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises and/or to warn of their existence.

The retail store in question is under the sole control of Defendant. Employees of Defendant are responsible for providing a safe place for customers. Defendant and their employees are further responsible in ensuring the safety of customers. Defendant has a duty to keep their premises safe for invitees such as the Plaintiff. Defendant failed in this duty.

Defendant is vicariously liable for all acts and/or omissions of negligence committed by their store managers, and any and all employees, officers or agents of Defendant, which were the proximate cause of all damages suffered by Plaintiff.

The manager of Walmart told Plaintiff to sit down and that he was going to look at the videos. He said that he saw the video and that she was right; it was their fault because they put the cases of water too high and the cases of water had in fact fallen on her. He was extremely apologetic to the Plaintiff. He told the Plaintiff not to worry that they will take care of her medicals and the insurance will pay for everything. However, irrespective of the promise and even though Defendant has not denied liability, it has refused to properly compensate Plaintiff for all injuries and damages. Plaintiff told the manager that this can happen to anyone and why was this allowed and his answer was "I know, you are right, this is our fault, I feel for you. My

3

apologies".

Placing water bottles (24 packs) so high is unreasonably dangerous and Defendant's employees should have foreseen the harm to customers and to the Plaintiff. Nevertheless, they acted with reckless disregard and ignored the safety of the customers and Plaintiff.

Plaintiff sustained substantial injuries and damages. Plaintiff needs surgery because the numerous injections she has received in her neck and back have not solved the problem.

Plaintiff attempted to have the surgery but the costs are high so Plaintiff cannot afford it.

Plaintiff has asked Wal-Mart to pay for the surgery but Defendant has refused.

Plaintiff is forced to file this suit to demand that Defendant be held responsible for the entire harm caused to her.

## IV.
## VICARIOUS LIABILITY

Plaintiff would show that Defendant is liable for the damages and injuries which were caused by the negligence of their managers, employees, agents and/or representatives. Defendant is liable for the acts and/or omissions of its managers, employees and agents. In addition, Defendant owed a duty of care to Plaintiff because of Defendant's right of control of the premises, which arose through the course of operating the retail store. Defendant is liable under the doctrine of *respondent superior;* master/servant; principal/agent.

## V.
## PREMISE LIABILITY

Plaintiff would show that her damages and injuries were caused by the negligence of Defendant. Plaintiff would also show that said Defendant owed her a duty of reasonable care, and Defendant's breach of such duty was a proximate cause of Plaintiff's injuries and

damages. Defendant was negligent by breaching this duty to the Plaintiff in one or more of the following alternative theories of negligence:

1. Failure properly set up and secure the displays;

2. Failure to properly set up displays (i.e. bottled water) in a safe manner;

3. Failure to properly stack/display the water in a manner to avoid the dangerous condition created;

4. Failure to inspect the manner in which the water was placed in order to timely discover the dangerous condition in question;

5. Failure to warn invitees of potential dangerous conditions;

6. Failure to implement safety precautions to prevent injuries to invitees;

7. Failure to assure that store employees complied with and followed all safety precautions to prevent injuries to invitees;

8. Failure to correct the dangerous conditions that existed at the premises for the time in question;

9. Creating the dangerous condition by stacking up heavy merchandise bottled water (24 packs) so high that they would fall on customers.

10. Ignoring the safety of the customers and acting with reckless disregard to the rights of the customers by stacking heavy merchandise in an unsafe manner.

11. Not only were the employees of Defendant that created the dangerous condition negligent and grossly negligent in stacking the 24 packs of bottled water so high, but also the other employees that were close by failed to call management or ask the employees to correct the condition. The reckless disregard towards customers' safety was an attitude from Walmart and Walmart's employees. (Cashier's, customer services employees etc).

12. Negligent training and supervision by management and Wal-Mart corporate on the proper and safe way to stack merchandise.

13. Negligent training of employees to watch for dangerously stacked merchandise by other employees and notify management and/or correct

5

the condition even though not there area or duty to stack merchandise.

Each of the acts and/or omissions referenced above was other than what a reasonable and prudent person would have been doing under the same or similar circumstances, and was a proximate cause of Plaintiff's damages.

It is foreseeable that stacking heavy merchandise to such a high level would cause harm to invitees, customers, children and the elderly, including the Plaintiff who is an elderly person; nevertheless, Defendant's employees ignored the risk and acted with reckless disregard to the safety of the public.

## VI.
## DAMAGES

As a result of Defendant's negligence, Plaintiff suffered injuries to her head, neck, back and other parts of her body. Plaintiff sustained such serious injuries to her neck and back she has had to not only undergo a substantial amount of therapy, she has had multiple injections in her neck and back to try to control the pain. The injections provided no relief of the pain and her doctor is recommending surgery. In addition, the injury to Plaintiff's lower back resulted in weakness in her legs. The weakness in her legs lead to an incident on November 12, 2016, where Plaintiff stood up getting out of bed, felt her legs gave up on her causing her to fall to the floor.

As a result of the fall Plaintiff sustained a broken bone in her foot. The negligence of Defendant that lead to Plaintiff's injuries has drastically impacted Plaintiff's life and well-being.

Plaintiff is unable to work and has sustained loss of wages in the past and loss of earning capacity.

As a further result of the occurrence, Plaintiff has incurred expenses for medical and

6

healthcare, medical attention and other expenses.  These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made were the usual and customary charges for such services.  Plaintiff will require further medical care, nursing services and medical attention and will necessarily incur reasonable expenses in the future for such medical needs.

Plaintiff has also been prevented from performing her daily activities as a direct result of the subject accident and will continue to be unable to perform her daily activities in the future. As a result of the collision, Plaintiff suffered lost wages and loss of wage earning capacity. Plaintiff has suffered pain and suffering in the past and Plaintiff will continue to suffer pain and suffering in the future.  Plaintiff has suffered mental anguish in the past and will continue to suffer mental anguish in the future.  As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to her body.

Plaintiff has suffered damages within the jurisdictional limits of this Court.  In compliance with the pleading requirements, Plaintiff seeks monetary relief of more than $1,000,000, exclusive of interest and costs. Plaintiff seeks punitive damages as creating such dangerous condition by Defendant's employees was a foreseeable risk, yet Defendant's employees ignored them and acted with reckless disregard to the rights and safety of the Plaintiffs

## X.
## JURY DEMAND

Plaintiff respectfully requests trial by jury of the issues in this case.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer and that upon final hearing she obtain judgment and she recover from Defendant actual damages, economic damages and non-economic damages of more than

7

$1,000,000, exclusive of interest and costs  and such other  and  further relief  to which Plaintiff is entitled under law and/or equity.

Respectfully submitted,

**LAW FIRM OF DANIELA LABINOTI, P.C.**
Attorney for Plaintiff
707 Myrtle Ave
El Paso, Texas 79901
(915)     581-
4600
(915) 581-4605 [Facsimile]
daniela@labinotilaw.com

*/s/ Daniela Labinoti*
State Bar No.: 24050900

8

Filed 1/12/2018 4:41 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV4298

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
448TH JUDICIAL DISTRICT COURT

| | | |
|---|---|---|
| ELIZABETH GRANADO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2017DCV4298 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| d/b/a WAL-MART STORE #5962, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Defendant WAL-MART STORES TEXAS, LLC d/b/a WAL-MART STORE #5962 (proper name being WAL-MART STORES TEXAS, LLC), and files its Answer to Plaintiff's Original Petition ("Petition"), and in support thereof would respectfully show the Court as follows:

### I.

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies all material allegations contained in Plaintiff's Original Petition and demands strict proof thereof as required by law.

### II.

### DEFENSES

A.    The acts and omissions of certain non-parties to this lawsuit were the sole proximate cause of the occurrence and any alleged injuries or damages claimed by Plaintiff.

B.    To the extent Plaintiff suffered any injuries or damages as described in Plaintiff's Original Petition, which Defendant denies, those injuries and damages were proximately caused

9999-1048 / 1338638

by the acts or omissions of persons and/or entities over whom Defendant has no control and for whom Defendant has no liability.

C.      Plaintiff's injuries and damages, if any, may have resulted from pre-existing and/or unrelated condition(s), and thus were not proximately caused by the occurrence made the basis of this lawsuit.

D.      Plaintiff's injuries and damages, if any, may have resulted from subsequent events or conditions that constitute new and intervening causes, which were not proximately caused by Defendant.

E.      Plaintiff's injuries and damages, if any, may have been the result of an unavoidable accident as that term is defined and recognized by law.

F.      The injuries and damages sustained by Plaintiff, if any, can be attributed to several causes and accordingly should be apportioned among the various causes according to the respective contributions of such causes to the harm sustained.

G.      Defendant pleads Texas Civil Practice and Remedies Code Section 41.0105, which limits Plaintiff's recovery of medical expenses.

H.      Defendant pleads the provisions of the Texas Finance Code, Section 304.1045, which prohibits the recovery of prejudgment interest on any award of future damages.

I.      Plaintiff's claims for exemplary or punitive damages against Defendant cannot be sustained because an award of exemplary or punitive damages under Texas law by a jury that: (a) is not provided standards sufficient clarity for determining the appropriateness and the appropriate size of the exemplary or punitive damages award, (b) is not adequately instructed on the limits of exemplary or punitive damages imposed by applicable standards of deterrence and punishment, (c) is not expressly prohibited from awarding exemplary or punitive damages or

determining the amount of an award of exemplary or punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth and corporate status of Defendant (d) is permitted to award exemplary or punitive damages under a standard for determining liability for exemplary or punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes exemplary or punitive damages permissible, or (e) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards, would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process and equal protection provisions of the Texas Constitution, and would be improper under the common law and public policies of the State of Texas.

### III.

### AFFIRMATIVE DEFENSES

In the alternative, and without waiving the foregoing, Defendant asserts the following affirmative defenses:

A.   Plaintiff's injuries and damages, if any, may have been proximately caused by Plaintiff's own negligence, which bars her recovery or, in the alternative, reduces it proportionately.

B.   To the extent Plaintiff failed to act reasonably to mitigate alleged damages, if any, Defendant is not responsible for any damages that could have been avoided.

### IV.

### JURY DEMAND

Defendant requests trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays to the Court that it be allowed to go hence without day and with its costs.

9999-1048 / 1338638

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas  79999-1977
Phone:  (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com


By:  _/s/ Laura Enriquez_____
       Laura Enriquez
       State Bar No. 00795790
Attorneys for Defendant

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 12th day of January 2018, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a (a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a (a)(2).

The following parties or attorney(s) are served with the foregoing document:

Daniela Labinoti
Law Firm of Daniela Labinoti, P.C.
707 Myrtle Avenue
El Paso, Texas 79901
(915) 581-4600
(915) 581-4605 fax
daniela@labinotilaw.com


        _/s/ Laura Enriquez_____
        Laura Enriquez

9999-1048 / 1338638

El Paso County - 448th District Court

Filed 1/12/2018 4:41 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV4298

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
448TH JUDICIAL DISTRICT COURT

ELIZABETH GRANADO,                    §
                                       §
          Plaintiff,                   §
                                       §
v.                                     §          Cause No. 2017DCV4298
                                       §
WAL-MART STORES TEXAS, LLC,            §
d/b/a WAL-MART STORE #5962,            §
                                       §
          Defendant.                   §

## DEFENDANT'S JURY DEMAND AND SUBMISSION OF FEE

COMES NOW Defendant WAL-MART STORES TEXAS, LLC having filed with the clerk of the court a written request for jury trial in compliance with Texas Rule of Civil Procedure 216(a), herewith deposits with the clerk the jury fee of FORTY DOLLARS ($40.00). The clerk, pursuant to Texas Rule of Civil Procedure 216(b), is requested to promptly enter a notation of payment of such fee upon the court's docket sheet.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas 79999-1977
Phone: (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By: _/s/ Laura Enriquez_____
          Laura Enriquez
          State Bar No. 00795790
Attorneys for Defendant

9999-1048 / 1338659

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 12th day of January 2018, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a (a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a (a)(2).

The following parties or attorney(s) are served with the foregoing document:

Daniela Labinoti
Law Firm of Daniela Labinoti, P.C.
707 Myrtle Avenue
El Paso, Texas 79901
(915) 581-4600
(915) 581-4605 fax
daniela@labinotilaw.com

/s/ Laura Enriquez
Laura Enriquez

9999-1048 / 1338659